# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MICHAEL ALLEN FITE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 5:11-CV-4001-VEH |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Melissa D. Horner, attorney for Plaintiff Michael Allen Fite, has moved for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $10,598.25. The Commissioner takes no position on the motion, noting only that the court has an "independent duty to review the reasonableness of the fee." The court has undertaken its duty and concludes that the fee is not reasonable. The motion is due to be **GRANTED**, although the fee award will be reduced.

Subparagraph 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a [represented] claimant . . . the court may determine and allow . . . a reasonable [attorney's fee], not in excess of 25 percent of the total of the past-due benefits." Where the claimant and his attorney have executed a contingent-fee agreement, the Supreme Court has interpreted subsection 406(b) as requiring district courts to

conduct a two-step analysis. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). First comes the simple step of calculating whether the requested award falls "within the 25 percent limit." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). If so, the agreement is presumptively reasonable. In step two, the court is required to consider whether "the fee sought is [actually] reasonable for the services rendered," *Gisbrecht*, 535 U.S. at 807, and, if not, the presumption is overcome. Where the presumption is overcome, the court may award a fee that is reasonable in its judgment. *See id.*

This standard is skeletal, *see id.* at 809 (Scalia, J., dissenting), but the Courts of Appeals have put some meat on *Gisbrecht's* bones.[1] The lodestar figure, while not dispositive, may be compared against the contingent fee award. *Id.* at 808. "[C]ourts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case." *Jackson,* 601 F.3d at 1271 (citation omitted). Substandard representation, among other things, includes a complaint "submitted on boilerplate pleadings," where "no issues of material fact are present," and where "no legal research is apparent." *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989).

---

[1] Given the year in which *Gisbrecht* was decided (2002), it may be more temporally accurate to say that the Supreme Court stripped the flesh from the standards set forth by the courts of appeals. Either way, *Gisbrecht* only really purported to resolve a circuit split over whether contingency agreements or the lodestar were the appropriate means of determining attorney's fees under the Social Security Act.

The reasonable fee reflects an enhancement, compared to the market rate for similar work, based on the risk of non-payment, because "payment for an attorney in a social security case is inevitably uncertain." *Wells v. Sullivan*, 907 F.2d 367, 370–71 (2d Cir. 1990). On the other hand, the quality of counsel and hours expended are weak factors for assessing an award's reasonableness; they "bear little if any relationship to the results [*i.e.*, award amount] achieved." *Rodriquez*, 865 F.2d at 747. But the award must not be so disproportionate to the work performed that it gives the perception that counsel has won the Social Security lottery. *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (prohibiting a "windfall"); *cf. Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010) (fee shifting statutes do not exist to enrich counsel)*; BMW of North America, Inc. v. Gore*, 646 So. 2d 619, 631 (Ala. 1994) (Houston, J., concurring specially), *rev'd on other grounds*, 517 U.S. 559 (warning of the perception of the right to trial by jury as "Alabama's lottery").

Certain policy considerations should also inform the court's judgment. Section 406 was enacted "to encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees." *Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir. 1970).[2] Contingent fees, in particular, "provide[] a critical incentive for able

---

[2] This is binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981 are binding on all federal courts in the Eleventh Circuit).

attorneys to practice in the social security field." *Wells*, 907 F.2d at 371. At the same time, the court's review is the only bulwark for impecunious and disabled claimants, *see Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276 (11th Cir. 2006), against the gutting of their statutory entitlement by the "specialized Social-Security bar [that] charges uniform contingent fees (the statutory maximum of 25%), which are presumably presented . . . on a take-it-or-leave-it-basis." *Gisbrecht*, 535 U.S. at 812 (Scalia, J., dissenting).

Applying the foregoing principles here, the court finds a valid contingent fee agreement set at or below the statutory maximum contingency. (*See* doc. 12-1 at 1). Proceeding to step two, Horner included an itemization of the hours she worked on the case. The time Horner alleged to have spent on the case seemed excessive, so the court has reduced the hours. (*See* doc. 15-1). The modified itemization is as follows:

| Date | Activity | Time |
| --- | --- | --- |
| 11/22/11 | Meeting with client to discuss Federal Appeal and completion of necessary paperwork for Motion to Proceed IFP | 2.5 |
| 11/23/11 | Preparation and submission of Appeal paperwork to District Court; letter to client regarding the same | 1 |
| 11/23/11 | Receipt and Review Order Re: Motion to Proceed IFP | .1 |
| 12/13/11 | Receipt and Review notice of returned summons | .2 |
| 4/3/12 | Receipt of Defendant's Answer | 1.8 |
| 4/3/12 | Receipt and Review Briefing Letter | .1 |

4

| 5/10/12 | Review of Transcript of Administrative Proceeding and researched case law and social security rulings in preparation of drafting Legal Memorandum in support of Plaintiff's position and preparation of Legal Memorandum in Support of Plaintiff's Position | 5.6 |
|---|---|---|
| 5/17/12 | Finalize Brief in Support of Plaintiff's Position and filing of the same | 4.0 |
| 6/18/12 | Receipt of Defendant's Brief | .2 |
| 12/17/13 | Converted the Plaintiff's Reply brief to both PDF and WordPerfect Formats. Electronically filed the PDF version with the Court using the ECF systems. E-mail to Judge Hopkins Chambers with the WordPerfect version. Letter to the Client with a copy of the Reply Brief and explaining that the briefing is concluded and that the case is submitted to Judge Hopkins for decision. | 1.5 |
| | **TOTAL** | **17.0** |

She claims in the motion that she worked for 17.4 hours on this appeal, but the supporting documentation suggests 21.3. Either way, the court finds that 17 hours is a reasonable figure based on the activities described in the itemization. The November 23, 2011, entry pertaining to the filing of the complaint was reduced from 2.0 to 1.0 hours because the complaint was very short—three pages. The next line, also November 23, 2011, was reduced from .4 to .1 hours because the *forma pauperis* order reviewed was a one line margin order. The second April 3, 2012 entry, for the receipt and review of the briefing letter, was reduced from .3 to .1 hours because it is a one page form letter from the clerk of court. As to the entries from May 10 and May 17, 2012, the file in this case had an extensive medical record, although the brief incorporated the ALJ's recitation of

facts, and two legal issues—failure to articulate good cause to disregard the physician's opinion and failure to correctly apply the pain standard—were raised, so the hours alleged to have been spent drafting and filing the brief seem reasonable.

The June 8, 2012 entry for receipt of the defendant's brief was reduced from 2.0 to .2 because the time record does not reflect that the brief was reviewed, and a reply brief was not filed in the case. The December 17, 2013 entry was reduced from 2.5 to 1.5 based on the court's sense about how long it would take to read the favorable opinion at issue; the time would have been reduced further had the entry not indicated a discussion with the client. Including the entries that were unaltered, this comes to 17 hours in total for this appeal.

Seventeen hours to complete a social security appeal is on the low end. As for the lodestar, $10,598.25 divided over 17 hours comes out to about $623 per hour. This is a windfall. The court is of the opinion that $250 per hour is a more accurate reflection of the market rate in this district for this kind of work, and the plaintiff's filings were average quality compared to the social security filings in this district. The lodestar, at $250 per hour, is $4,250. Taking account of the required enhancement for the uncertainty of recovery, $6,375 appears to be a reasonable figure.

Accordingly, the motion is **GRANTED** as modified. It is **ORDERED** that attorney's fees in the amount of $6,375.00 be awarded to Melissa D. Horner.

**DONE** this 10th day of May, 2016.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge